Opinion by
Morrison, J.,
This action of assumpsit was brought by the plaintiff before an alderman to recover from the defendant the alleged value of professional services rendered to it. The case came into the common pleas on appeal and having been put at issue it was tried before the court and a jury and a final judgment entered on the verdict against the defendant for $119.16. The record discloses eleven assignments of error and on careful consideration of the evidence, the rulings and charge of the learned trial judge, *14 and the arguments of counsel, the conclusion is reached that the assignments are without merit.
The right of the plaintiff to recover hinged upon the authority, real or apparent, of one Schueck to employ him and bind the defendant corporation for the payment of the reasonable value of his services. It appears tó be conceded that on the request of Schueck the plaintiff rendered services, which he considered were for the benefit of the defendant, of at least the value of the amount recovered. It also appears that the plaintiff advanced some money, as he understood, for the benefit of the defendant, and there is evidence which warranted the jury in finding that a payment was made on account of plaintiff’s claim by or for the defendant corporation.
There was no direct, clear evidence as to the authority of Schueck to represent and bind the defendant corporation in this matter, but we think there was sufficient evidence to warrant the submission of the question of his authority, or apparent authority, to the jury, and the verdict indicates that the jury found on this proposition that he had such authority. The learned counsel for defendant seem to rest their case on the proposition that the burden was on the plaintiff to prove that Schueck had actual authority to represent and bind the corporation and they do not seem willing to concede that if he was the agent of the corporation for some purposes and assumed to have the necessary authority to contract with the plaintiff, and the latter acted in entire good faith, and believed that Schueck was acting within his authority, that he could bind the corporation even if his authority was limited and did not extend to the making of such a bargain as the plaintiff claimed under. There is pointed evidence that Schueck assumed to have the authority and that he was in and about the place of business of the corporation, transacting business and representing it, and that he used the stationery of the corporation in his correspondence with the plaintiff and that the corporation seemed to have made use of some of the plaintiff’s services; *15 and it also appears that the plaintiff was acting in entire good faith and understood that he was serving the corporation. But the contention is that Schueck only had limited authority, as a salesman, and that his actual authority did not authorize him to engage the plaintiff to perform the services for the value of which he recovered the judgment appealed from.
In our opinion the evidence was sufficient to at least' warrant the jury in finding from what he actually did and from the ratification of plaintiff’s claim, by payment of a part of it, to carry, the question of the scope of Schueck’s apparent authority to the jury. The evidence tended to show that there were only three stockholders of the corporation; that one of them was president, another treasurer and the other one secretary, and that Schueck was agent having charge of the place of business of the corporation, and from all of the evidence we think the jury could fairly infer that the stockholders and officers of the corporation must have had such knowledge of the acts of the agent as to bring the business which the plaintiff transacted through him within the apparent scope of his employment. It was in evidence that defendant’s place of business and its books and papers were all destroyed by fire before the trial, and of course this rendered it difficult to prove precisely what authority Schueck really had and appeared to have.
In the close of the charge the learned trial judge said: "You will recollect that the burden was on the plaintiff to prove his claim. He must satisfy you by the weight of the evidence that he had a contract with the defendant, apparently with the defendant; otherwise he cannot recover in this action. If he had no contract with the defendant, or had no reason from which a prudent man would be justified in believing that he had a contract with the defendant, then he cannot recover in this action, and your verdict must be for the defendant..”
Several of the assignments of error are excerpts from the charge and in several instances they are so detached *16 from their proper connection that they do not fairly present the views of the trial judge. When the charge is considered as a whole it seems to be adequate and we do not discover in the assignments of error sufficient ground for reversing the judgment. The pinch of the case was the question of whether the evidence was sufficient to carry the agent’s authority or apparent authority to the jury, and our conclusion is on this point, in harmony with that of the trial judge.
Upon the question of Schueck’s apparent authority we refer to the following authorities: “Apparent authority is such authority as a reasonably prudent man, using diligence and discretion, in view of the principal’s conduct, would naturally suppose the agent to possess. ‘ The apparent authority of an agent which will be sufficient to bind the principal for acts done thereunder, is such authority as he appears to have by reason of the actual authority which he has:” 31 Cyc. 1236, note 62. See also 31 Cyc. 1236, sec. 2. In Lauer Brewing Co., Ltd., v. Schmidt, 24 Pa. Superior Ct. 396, the above doctrine is substantially followed.
Upon the whole case we approve of the submission of the evidence to the jury, and all of the judges who sat at the argument concur in affirming the judgment.
The assignments of error are all dismissed and the judgment is affirmed.