# Caplan *v.* Ebel, Appellant.

*Principal and agent—Delivery to agent—Authority.*

In an action to recover damages for loss of an express package, delivered to the defendant, a verdict and judgment for the plaintiff will be sustained, where it appeared that the defendant was the authorized agent to receive from a railway company packages consigned to the plaintiff, and that, in the course of such business, one of his drivers receipted for the package in question, and afterwards appropriated it to his own use.

Under such circumstances, the agent's employee, in receiving the package, was acting within the apparent scope of authority which the defendant had delegated to the drivers of his trucks, and the delivery of the package by the railroad company was good as against both the defendant and the plaintiff.

Argued October 7, 1919. Appeal, No. 18, 1919, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1917, No. 1954, on verdict for plaintiff in the case of Abraham Caplan, Trading as A. H. Caplan & Company, *v.* Charles A. Ebel. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit to recover value of goods lost while in custody of an agent. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff and entered judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal to direct a verdict in favor of the defendant.

*C. Wilson Roberts,* and with him *J. Howard Patterson,* for appellant.—The defendant was not responsible for the unlawful acts of his servant: Guille v. Campbell, 200 Pa. 120; Berryman v. Pennsylvania R. R., 228

Pa. 624; Christian et al. v. Phila. Rapid Transit Co., 244 Pa. 391.

*Herman Muller,* and with him *John Weaver,* for appellee.

Opinion by Porter, J., February 28, 1920:

The plaintiff is a manufacturer in the City of Philadelphia and the defendant a contracting teamster in the same city. They entered into a contract under the provisions of which the latter agreed to do all the trucking and hauling for the former at prices fixed. The plaintiff avers in this action that the defendant received from the Philadelphia & Reading Railway Co. a package consigned to and the property of the plaintiff, for the purpose of hauling it to the factory of the plaintiff in accordance with the provisions of their contract, and that the defendant failed to deliver the package or to pay for the same. He recovered a judgment in the court below and the defendant appeals.

The Philadelphia & Reading Railway Co. had received a valuable package consigned to the plaintiff which package it delivered to an employee of the defendant who was then driving one of his trucks; the driver stole a package which has never been recovered; he then drove the truck to a point near defendant's place of business, there left it and absconded; he was subsequently prosecuted by the defendant for the larceny and was convicted and sentenced. These facts were undisputed and the only real question at the trial was whether the delivery of the package by the railroad company to the driver of the truck employed by the defendant was a good delivery, so as to charge the defendant with the possession of the goods. The plaintiff had for the purpose of carrying out his contract with the defendant filed with the railroad company a written order to deliver all freight shipped to him to the defendant. The fact that this order had been filed was known to both of the parties and to the

railroad company, and the effect of it was to substitute the defendant for the plaintiff, as the party entitled to receive any freight consigned to the latter. It was known to all the parties that this defendant had four or five trucks, that he did not himself operate any of them but acted through the drivers of the trucks who were his agents for that purpose. The order which the plaintiff had given to the railroad company to deliver his goods to the defendant was without any limitation whatever and rendered it unnecessary for the plaintiff to subsequently authorize such delivery of each particular parcel. All that the railroad company was required to do was to see that the package was delivered to a driver employed by the defendant acting within the apparent scope of his authority. The railroad company it is true sent to the plaintiff a notice upon the receipt of each shipment and plaintiff turned that notice over to the defendant who gave it to the driver and the latter took it with him to the freight station and there paid the freight and received the package, but this was done merely as a matter of convenience for identifying the package and furnishing a memorandum as to the amount of the freight. The presentation of this notice to the railroad company was not required in order to secure delivery of the package. The only driver employed by the defendant who was called as a witness testified that in receiving packages consigned to this plaintiff he had always presented the notice sent by the railroad company to the plaintiff upon receipt of the package and had paid the freight, but he also testified that this was because the plaintiff had no account with the railroad company which entitled him to receive the package without paying the freight, that plaintiff was not upon the credit or accommodation list; that when parties were upon the accommodation list, those to whom the railroad company extended credit for the amount of the freight, the drivers of the trucks could receive the package without presenting the notice, and that when parties were not upon the credit list, as was

the case of this plaintiff, the driver could, by paying the freight, receive the package, "If they (the railroad company) knew I was working for Ebel," this defendant. Now that is precisely what occurred in this case. It is admitted by the defendant that the man who received the package was one who had recently been employed as the driver of one of her trucks, that he had driven that truck, upon which the name of the defendant appeared, to the railroad station and that he there paid the freight upon and received this particular package. The driver not only appeared to be but was actually employed by the defendant. That particular driver had upon that occasion, it is true, been sent to the station upon a special errand, to procure another package and he may have exceeded the private instructions given to him by his employer, but in receiving the package he was acting within the apparent scope of that authority which the defendant had delegated to the drivers of his trucks, and the delivery of the package by the railroad company was good, as against both the plaintiff and defendant in this case: Hill v. Trust Co., 108 Pa. 1; Winter v. Iron City Stamping Co., 51 Pa. Superior Ct. 11.

The judgment is affirmed.